**Lionel CRUZ and Rebecca Velez Cruz, Plaintiffs,**

**v.**

**YSLETA DEL SUR TRIBAL COUNCIL, Raymond D. Apodaca, and the Ysleta Del Sur Pueblo, Defendants.**

**No. EP–92–CA–36–H.**

United States District Court, W.D. Texas, El Paso Division.

March 10, 1993.

Colbert N. Coldwell, El Paso, TX, for plaintiffs.

John R. Batoon, Diamond, Rash, Leslie, Smith & Samaniego, El Paso, TX, for defendants.

**ORDER REGARDING DEFENDANTS' MOTION TO DISMISS**

HUDSPETH, Chief Judge.

Plaintiffs Lionel and Rebecca Cruz have sued the Tigua Indian Tribe, its tribal council, and its tribal governor, alleging that the Defendants have committed violations of the Rehabilitation Act, 29 U.S.C. §§ 701 et seq., and the Voting Rights Act of 1965 as amended, 42 U.S.C. §§ 1971 et seq. The Defendants have filed a motion to dismiss, contending that they are immune from suit as a federally recognized indian tribe. The Court, having considered the motion, finds that it should be granted in part and denied in part.

█ An indian tribe is immune from suit absent consent of Congress, consent of the tribe, or a clear waiver of the tribe's sover-

eign immunity. *Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978). The Ysleta Del Sur Pueblo (commonly known as the Tigua Indian Tribe) is a federally recognized indian tribe. The question presented is whether the Plaintiffs' claims against these Defendants are barred by sovereign immunity, or whether that immunity has been waived in some fashion.

 Plaintiffs' first claim is under the Rehabilitation Act, 29 U.S.C. §§ 794 and 794a. This statute provides that no handicapped person may be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance. 29 U.S.C. § 794(a). The term "program or activity" is defined to include a local government or local government agency. 29 U.S.C. § 749(b)(1)(A). The term "local agency" is defined to include an indian tribe. 29 U.S.C. § 706(9). Finally, 29 U.S.C. § 794a provides remedies for persons aggrieved, including equitable relief, attorney's fees, and costs. This constitutes a waiver of tribal immunity. The Court is not called upon to decide at this point whether the Plaintiffs have stated a viable claim for relief under § 794a or any other provision of the Rehabilitation Act. The Defendants may later choose to raise this issue by means of a motion to dismiss or motion for summary judgment. The Court here holds only that the claim of tribal immunity cannot be sustained.

Plaintiff Lionel Cruz only seeks additional relief under the Voting Rights Act of 1965 as amended, specifically 42 U.S.C. § 1973aa–6. The Voting Rights Act by its own terms applies to any election in any state, territory, district, county, city, parish, township, school district, municipality, or other territorial subdivision. Nothing in the Act indicates that Congress intended it to apply to indian tribal elections, and the Court finds it is not so applicable. Therefore, the Defendants' motion to dismiss the claim of Plaintiff Lionel Cruz under the Voting Rights Act should be granted.

It is therefore ORDERED that the motion to dismiss the Plaintiffs' claim under the Rehabilitation Act, 29 U.S.C. §§ 794 and 794a be, and it is hereby, DENIED.

It is further ORDERED that the motion to dismiss the claim of Plaintiff Lionel Cruz under the Voting Rights Act, 42 U.S.C. § 1973aa–6, be, and it is hereby, GRANTED.